1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ME2 PRODUCTIONS, INC.,                  )
                                        )       Case No. 2:17-cv-00121-JCM-NJK
                  Plaintiff(s),         )
                                        )       **ORDER**
v.                                      )
                                        )       **REPORT AND RECOMMENDATION**
MAMADOU VIADY, et al.,                  )
                                        )
                  Defendant(s).         )
_____)

This is one of dozens of cases alleging numerous defendants engaged in copyright infringement through BitTorrent.  On April 27, 2017, the Court issued an order to show cause why the Court should not (1) sever all defendants except the first defendant, (2) dismiss the remaining defendants without prejudice, and (3) quash the subpoenas for discovery to the extent they pertain to any defendants other than the first named defendant.  Docket No. 11 (citing *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493 (D. Ariz. 2012); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011); *On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500 (N.D. Cal. 2011); *LHF Prods., Inc. v. Does 1-20*, 2016 WL 7423094 (E.D. Va. Dec. 22, 2016); and *ME2 Prods., Inc. v. Does 1-14*, 2016 WL 6948333 (N.D. Ga. Nov. 28, 2016)).  Plaintiff filed a response.  Docket No. 21.

Plaintiff represented that the legal arguments and analysis in the response filed in this case are the same as those presented in *ME2 Productions, Inc. v. Bayu*, Case No. 2:17-cv-00724-JCM-NJK, Docket No. 14 at 2 (May 23, 2017).  Concurrently herewith, the undersigned is issuing a report and recommendation in that case that all but the first defendant be severed and dismissed without prejudice, as well as an order

1   quashing any outstanding subpoenas.  For the same reasons, the undersigned **RECOMMENDS** in this case

2   that all Defendants except Defendant Mamadou Viady be **SEVERED** and **DISMISSED** without prejudice.

3       To the extent any subpoenas remain outstanding in this case, they are hereby **QUASHED**.  Plaintiff

4   is **ORDERED** to promptly serve a copy of this order on the recipients of any outstanding subpoenas, and

5   shall file a proof of service of the same by June 20, 2017.  The recipient(s) of any outstanding subpoenas

6   shall retain the subpoenaed information for a period of at least 60 days from the date of the issuance of this

7   order, so that it will be available if Plaintiff proceeds in a prompt manner against the remaining defendants

8   in new cases and obtains permission to seek early discovery in those cases.

9       Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation, as

10  well as the order and report and recommendation issued concurrently herewith in *ME2 Productions, Inc.*

11  *v. Bayu*, Case No. 2:17-cv-00724-JCM-NJK, on any defendant who has not yet appeared, and shall file a

12  proof of service of the same by June 20, 2017.

13      IT IS SO ORDERED

14      Dated: June 13, 2017

15

16      _____

        NANCY J. KOPPE
17      United States Magistrate Judge

18                          NOTICE

19      Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing

20  and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts

21  of appeal may determine that an appeal has been waived due to the failure to file objections within the

22  specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file

23  objections within the specified time and (2) failure to properly address and brief the objectionable issues

24  waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

25  District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,

26  708 F.2d 452, 454 (9th Cir. 1983).

27

28