# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Case No. 2:17-CV-121 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MAMADOU VIADY, | |
| Defendant(s). | |

Presently before the court is plaintiff ME2 Productions, Inc.'s motion for default judgment against defendant Mamadou Viady. (ECF No. 45).

**I.  Facts**

This is one of several similar cases originally filed by plaintiff against numerous unidentified Doe defendants for infringing its copyright in the film "Mechanic 2: Resurrection" by using BitTorrent software. For a more detailed explanation of the background to these cases, *see ME2 Productions, Inc. v. Bayu*, no 2:17-cv-00724-JCM-NJK, 2017 WL 5165487 (D. Nev. Nov. 7, 2017).

On November 17, 2017, the court adopted in part Magistrate Judge Koppe's report and recommendation that all but the first-named plaintiff be severed and dismissed from the case, thereby dismissing all defendants except for defendant Viady. (ECF No. 48).

**II.  Legal Standard**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure

**James C. Mahan**
**U.S. District Judge**

55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

### III. Discussion

Plaintiff requests the court enter default judgment against defendant as follows: $15,000 in statutory damages; a permanent injunction against defendant; and attorney's fees and costs in the amount of $6,480. (ECF No. 49).

On August 9, 2017, plaintiff filed a motion for entry of clerk's default as to defendant Viady (ECF No. 45), and on August 10, 2017, the clerk entered default, (ECF No. 46). Therefore, plaintiff has satisfied subsection (a) of Federal Rule of Civil Procedure 55.

The first *Eitel* factor weighs in favor of default judgment in this case. Defendant has failed to respond or appear in the case, which prejudices plaintiff's ability to pursue its claims on the merits and seek recovery of damages. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

The second and third *Eitel* factors favor plaintiff in this case. Plaintiff's complaint adequately alleges plaintiff's copyright infringement claims. *See Eitel*, 782 F.2d at 1471.

The fourth *Eitel* factor, which compares the amount of money at stake to the seriousness of defendant's conduct, supports a default judgment in favor of plaintiff. "If the sum of money at

James C. Mahan
U.S. District Judge

issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).

For statutory damages, plaintiff requests $15,000 under 17 U.S.C. § 504(c). The statute sets a $750 minimum and $30,000 maximum award for damages in copyright infringement cases. 17 U.S.C. § 504(c)(1). The maximum increases to $150,000 when the infringement was willful. 17 U.S.C. § 504(c)(2). Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Harris v. Emus Records Corp.*, 738 F.2d 1329, 1335 (9th Cir. 1984)).

Given defendant's numerous opportunities to respond to plaintiff's demand letters or otherwise appear in the action, coupled with plaintiff's unopposed allegations that the court takes as true, the court holds defendant willfully infringed on plaintiff's copyright. However, similarly to another court in this district,[1] the court holds that an award of $15,000 would severely overcompensate plaintiff and unduly punish defendant for the conduct at issue here. The court will exercise its discretion and award statutory damages in the amount of $1,500. *See Peer*, 909 F.2d at 1336. This award will adequately protect plaintiff's copyrights without constituting excessive punishment. *See LHF Productions, Inc. v. Buenafe*, no. 2:16-cv-01804-JAD-NJK, 2017 WL 4797523, at *4 (D. Nev. Oct. 24, 2017).

The Copyright Act allows courts to award the recovery of full costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505. Plaintiff moves for $6,000[2] in attorney's fees and $480 in costs, for a total of $6,480.

Therefore, the total sum of money at stake is $7,980. Thus, the fourth factor favors an entry of default judgment in that total amount. *See Eitel*, 782 F.2d at 1471.

---

[1] In *LHF Productions, Inc. v. Buenafe*, no. 2:16-cv-01804-JAD-NJK, 2017 WL 4797523 (D. Nev. Oct. 24, 2017), Judge Dorsey awarded plaintiff $1,500 in statutory damages on a legally identical fact pattern.

[2] Plaintiff used a lodestar calculation of $375 an hour multiplied by 16 hours reasonably spent litigating this case, which equals $6,000.

**James C. Mahan**
**U.S. District Judge**

The fifth *Eitel* factor, the possibility of a dispute concerning material facts, favors plaintiff. Here, there is no dispute concerning the material facts of the case. Plaintiff has adequately pleaded copyright infringement claims. Further, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *O'Brien v. United States of America*, no 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *1 (D. Nev. Sept. 9, 2010). Therefore, the court must accept all well-pleaded factual allegations in plaintiff's complaint as true. Considering the well-pleaded factual allegations, there are no disputes of material fact regarding defendant's infringing conduct. Accordingly, the fifth *Eitel* factor favors plaintiff. *See Eitel*, 782 F.2d at 1471–72.

The sixth *Eitel* factor considers excusable neglect. 782 F.2d at 1472. The factor favors entry of default judgment when the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, plaintiff properly served defendant, who has failed to answer or otherwise appear. Accordingly, the court holds that plaintiff has demonstrated defendant's failure to appear is not the result of excusable neglect. *See id.* The sixth *Eitel* factor favors default judgment in this case. *See Eitel*, 782 F.2d at 1472.

The seventh *Eitel* factor considers the strong policy favoring case disposition on the merits. *Id.* While public policy generally favors disposition on the merits, default judgment is proper when a defendant deliberately chooses not to defend the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Defendant's conduct in this case has made it impractical, if not impossible, to adjudicate this case on the merits. Accordingly, default judgment is appropriate. *See Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

After considering the foregoing, the court finds good cause to grant plaintiff's motion for default judgment. Moreover, plaintiff has properly complied with Rule 55. Therefore, the court will grant plaintiff's motion for default judgment.

Plaintiff requests a permanent injunction against defendant "enjoining [him] from directly or indirectly infringing Plaintiff's rights as to the Plaintiff's motion picture, including without

- 4 -

limitation using the Internet to reproduce, to distribute, to copy, or to publish the motion picture." (ECF No. 49 at 13).

The Copyright Act allows courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Supreme Court held in *eBay Inc. v. MercExchange, L.L.C.* that a plaintiff must satisfy a four-factor test to receive a permanent injunction in a patent-infringement case. 547 U.S. 388, 391 (2006). Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* This test also applies to copyright-infringement cases. *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995–96 (9th Cir. 2011).

Plaintiff argues that "[m]onetary damages alone are simply inadequate" because "absent injunctive relief to force the deletion of each torrent file from the Defendant's computers ... infringement will continue unabated in exponential fashion." (ECF No. 49 at 11). The court holds that the monetary judgment in this case is sufficient to compensate plaintiff for any infringement injury and likely to sufficiently deter defendant from infringing plaintiff's copyright, so plaintiff fails to satisfy the second factor of the permanent-injunction test. *See MercExchange*, 547 U.S. at 391. Accordingly, the court will deny plaintiff's request for injunctive relief.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (ECF No. 49) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

1  IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within twenty-one (21) days of the entry of this order.

DATED March 29, 2018.

                                                 */s/ James C. Mahan*
                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -